UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STEPHEN B. WYATT,<br><br>                Petitioner,<br><br>      vs.<br><br>BRIAN SMITH Superintendent,<br><br>                Respondent. | Case No. 2:16-cv-00015-WTL-DKL |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Stephen B. Wyatt for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF15-10-0119. For the reasons explained in this Entry, Wyatt's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

Wyatt brings the current action pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary conviction for "attempt to give and receive" after a hearing that took place at the Putnamville Correctional Facility. The sanctions imposed included a written reprimand, a restriction of phone privileges, and the deprivation of 30 days of earned credit time. The Hearing Officer imposed the sanctions because of the seriousness of the offense and the degree to which the violation disrupted or endangered the security of the facility.

On October 15, 2015, DH Crowley issued a Report of Conduct charging Wyatt with attempted giving and receiving in violation of Code B-240/233 (Ex. A-1). The Report of Conduct states:

> On 10/5/15 at approximately 1500 pm, I DH Crowley-Aramark FSS, witnessed as Offender Stephen Wyatt (DOC # 161154) passed a plastic wrapped tray out of the Diet window under the offender's Lacto-Ovo tray. I reached out to take back the wrapped tray when Offender Wyatt (DOC # 161154) took ahold of the tray and threw it away in a nearby trash can stating, "It's only bananas." I retrieved the wrapped tray from the trash and opened it to find nine (9) Barbeque beef patties inside. The tray was marked High Calorie High Protein with the Offender's name on it. Offender Wyatt (DOC # 161154) was advised of this CAB and was identified by his state ID.

Wyatt was notified of the charge on October 12, 2015, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Wyatt did not want to call any witnesses or request any evidence.

The Hearing Officer conducted a disciplinary hearing on October 16, 2015. The Hearing Officer noted Wyatt's statement:

> This was my second day on the job. Was at law lib. Got to work right before serving. There is a lot of guys that get a tray that is wrapped []. Aramark Heather was standing right next to me and I pushed it out the window just like I did the day before. Then she grabbed the tray and said what is this. I said figured bananas. Then threw it in the trash and everything. I wasn't there

when these were made.

(Exh. D). Relying on the staff reports and the statement of the offender, the Hearing Officer determined that Wyatt had violated Code B-240/233. The sanctions imposed included a written reprimand, a restriction of phone privileges, and the deprivation of 30 days of earned credit time. The Hearing Officer imposed the sanctions because of the seriousness of the offense and the degree to which the violation disrupted or endangered the security of the facility.

Wyatt filed an appeal to the Facility Head on October 19, 2015. The appeal was denied on November 19, 2015. Wyatt then appealed to the Final Review Authority, who denied the appeal on December 30, 2015.

**C. Analysis**

The only due process claim Wyatt raises is a challenge to the evidence presented to establish that he violated Code B-240/233. Wyatt does not deny giving the tray to the offender and he admits throwing the extra tray in the trash when questioned. Instead, he attempts to offer an explanation for his actions, which is that he was performing his duties as he had been trained.

In a prison disciplinary proceeding, the standard is that a verdict of guilt must be supported by at least "some evidence." *Hill*, 472 U.S. at 454. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the content and surrounding circumstances of the conduct report in that Wyatt was attempting to give and receive. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal

Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Wyatt to the relief he seeks. Accordingly, Wyatt's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/27/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

STEPHEN B. WYATT
161154
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

All Electronically Registered Counsel